IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN RODRIGUEZ-LOPEZ, | ) | No. CV-F-04-6196 OWW |
| | ) | (No. CR-F-02-5313 OWW) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| | ) | OR CORRECT SENTENCE PURSUANT |
| vs. | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT FOR |
| UNITED STATES OF AMERICA, | ) | RESPONDENT |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On September 3, 2004, petitioner Martin Rodriguez-Lopez timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty.[1]  Petitioner was sentenced on June 13, 2003 to 57 months imprisonment.  Petitioner appealed his

---

[1]Petitioner's guilty plea was made after jury trial had been confirmed and without the execution of a written plea agreement.

1

1  conviction and sentence to the Ninth Circuit.  Petitioner's

2  conviction and sentence were affirmed on May 7, 2004.

3       Petitioner contends that he was denied the effective

4  assistance of counsel.

5       Claims asserting the ineffective assistance of counsel are

6  analyzed under the two-prong test announced in Strickland v.

7  Washington, 466 U.S. 668 (1984).  As explained in United States

8  v. Quintero-Barraza, 78 F.2d 1344, 1348 (9th Cir. 1995), cert.

9  denied, 519 U.S. 848 (1996):

10          According to Strickland, there are two
            components to an effectiveness inquiry, and
11          the petitioner bears the burden of
            establishing both ... First, the
12          representation must fall 'below an objective
            standard of reasonableness.' ... Courts
13          scrutinizing the reasonableness of an
            attorney's conduct must examine counsel's
14          'overall performance,' both before and at
            trial, and must be highly deferential to the
15          attorney's judgments ... In fact, there
            exists a 'strong presumption that counsel
16          "rendered adequate assistance and made all
            significant decisions in the exercise of
17          reasonable professional judgment."' ... In
            short, defendant must surmount the
18          presumption that, 'under the circumstances,
            the challenged action "might be considered
19          sound trial strategy."' ... Thus, the proper
            inquiry is 'whether, in light of all the
20          circumstances, the identified acts or
            omissions were outside the wide range of
21          professionally competent assistance.' ....

22          If the petitioner satisfies the first prong,
            he must then establish that there is 'a
23          reasonable probability that, but for
            counsel's unprofessional errors, the result
24          would have been different ....'

25  Where a petitioner enters a guilty plea upon the advice of

26  counsel, the voluntariness of the plea depends upon whether the

petitioner received effective assistance of counsel.  In order to
prevail on an ineffective assistance of counsel claim, "the
[petitioner] must show that there is a reasonable probability
that, but for counsel's errors, he would not have pleaded guilty
and would have insisted on going to trial."  <u>Hill v. Lockhart</u>,
474 U.S. 52, 56-57 (1985).

Petitioner asserts that his right to effective assistance of
counsel was denied because "[d]efense counsel did not advised
[sic] to the Defendant the opportunity to collaterally attack and
challenge his sentence under 28 U.S.C. § 2255."

Petitioner cites no authority and none has been discovered
that defense counsel has any duty to a criminal defendant to
advise him or her of the statutory right to file a Section 2255
motion.  Even if such authority exists, petitioner can make no
showing of prejudice because petitioner's Section 2255 motion is
timely filed.  Therefore, petitioner's motion for relief on this
ground is DENIED.

Petitioner further asserts he was denied the effective
assistance of counsel because "the Defendant's attorney never
brought the violation of constitutional right of the defendant
based on the 5th Amendment as regards to due process rights of
the Defendant and the 6th Amendment as regards to the jury
determination of the enhancement in offense level of the crime
with which the Defendant is charged beyond a reasonable doubt."
Petitioner's claim of ineffective assistance of counsel is based
on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542

1  U.S. 296 (2004).

2      Petitioner's claim is without merit.  Petitioner's base

3  offense level was enhanced pursuant to USSG 2L.1(2)(b)(1)(A)

4  because petitioner had been deported on May 16, 2000, following a

5  conviction for possession of a controlled substance for sale for

6  which he received a two year sentence to state prison.  A

7  sentencing enhancement based on a defendant's prior conviction

8  does not have to be presented to a jury.  Blakely, supra, 542

9  U.S. at 301; United States v. Quintana-Quintana, 383 F.3d 1052,

10  1053 (9th Cir.2004), cert. denied, 543 U.S. 1130 (2005); United

11  States v. Pacheco-Zepeda, 234 F.3d 411, 415 (9th Cir.2000), cert.

12  denied, 532 U.S. 966 (2001).  Therefore, petitioner's claim for

13  relief on this ground is DENIED.

14      Petitioner's related argument that the sentence imposed on

15  him is unconstitutional because the USSG 2L.1(2)(b)(1)(A)

16  enhancement was not admitted by petitioner under oath or

17  submitted to a jury is equally without merit pursuant to the

18  cases cited above.  Petitioner's further contention that the

19  Sentencing Guidelines are unconstitutional is foreclosed by Ninth

20  Circuit authority that Blakely v. Washington, supra, and United

21  States v. Booker, 543 U.S. 220 (2005) are not retroactive and do

22  not apply to cases on collateral review where the conviction was

23  final as of the date of publication of Blakely and Booker.  See

24  United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir.2005), cert.

25  denied, ___ U.S. ___, 126 S.Ct. 1181 (2006); Schardt v. Payne,

26  414 F.3d 1025, 1036 (9th Cir.2005).  Petitioner's motion for

4

relief on this ground is therefore DENIED.

ACCORDINGLY, as set forth above:

1.   Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.   The Clerk of the Court is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated:    July 31, 2006**                    _____/s/ Oliver W. Wanger_____
emm0d6                                         UNITED STATES DISTRICT JUDGE

5